

# THE ATTORNEY GENERAL

## OF TEXAS

Gerald C. Mann

~~JOHN BEN SHEPPERD~~ 3D
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable F. T. Graham
County Attorney
Cameron County
Brownsville, Texas

Dear Sir:

Opinion No. O-5043
Re: Is Senate Bill No. 148, Acts
of the 42nd Legislature, Regular
Session, 1931, repealed by Senate
Bill No. 44, Acts of the 48th Leg-
islature, Regular Session, 1943?
And related questions.

Your letter of recent date requesting the opinion of this de-
partment on the questions stated therein, reads in part as follows:

"The 42nd Legislature, at its Regular Session in
1931 and by its Senate Bill No. 148, Chapter 307, page
769; enacted a law, the substance of which was to pro-
vide that the 103rd Judicial District Court for Camer-
on County should be the Juvenile Court for Cameron
County to handle all cases arising under the provisions
of Title 43 and all cases arising under the provisions
of Article 1083 of the Code of Criminal Procedure; this
Act also provided as compensation for the Judge of such
Juvenile Court the amount of $1500.00 per year and pro-
vided that such sum should be paid to the Judge of said
Court from the General Funds of Cameron County.

"The last Legislature (the 48th), at its Regular
Session and by Senate Bill No. 44, Chapter 204, page 313,
enacted a law, the general substance of which changes
the procedure in the handling of delinquent juvenile
cases and under the provisions of this new law various
Articles of the Code of Criminal Procedure, including
Article 1083, are expressly repealed, also Article 2329
of the Revised Statutes is repealed.

"Under the new law (Senate Bill No. 44) passed by
the 48th Legislature, it is provided in Section 4 that
in counties having more than one District Court that the
County Juvenile Board shall designate either one of such
District Courts or the County Court to be the Juvenile
Court for such county.

"Cameron County has two District Courts, to-wit: the 103rd Judicial District Court which sits in Cameron and Willacy counties and the Criminal District Court which sits in Cameron, Willacy, Kenedy, Kleberg and Nueces counties.

"The question, therefore, has arisen as to whether or not the provision of the new legislative enactment in Section 24 wherein it is provided 'all laws and parts of laws in conflict herewith are also repealed' has the effect of repealing the hereinabove mentioned Act of the 42nd Legislature which constituted the 103rd Judicial District Court in Cameron County as the Juvenile Court for Cameron County and whether or not the provisions of said Act of the 42nd Legislature in fixing an annual compensation for duties performed as Judge of such Juvenile Court had been repealed by the general provisions of the above mentioned Act of the 48th Legislature.

"I am of the opinion that the above mentioned Act of the 42nd Legislature, having been more or less special in nature in that it purported to affect only the 103rd Judicial District Court in and for Cameron County, would not be considered as being repealed by the general provisions of the Act of the 48th Legislature. However, in view of the fact that the Act of the 48th Legislature purports to establish a State-wide procedure for handling delinquent children, it might reasonably be argued that this Act was intended to and did repeal the provisions of the Act of the 42nd Legislature vesting exclusive jurisdiction in juvenile matters, insofar as Cameron County is concerned, in the 103rd District Court of Cameron County.

"In connection with these matters, I wish to call your attention to the following matter. Article 5139-B, Revised Statutes of Texas, 1925 (Acts of the 47th Legislature, page 552, Chapter 349, Section 1) provides in substance for the creation of a Juvenile Board in counties having a population of between 74,000 and 83,000; according to the last Federal census, Cameron County would fall within the population brackets provided for in this Act. This Act likewise purports to constitute the Judges of the District Courts in any county, together with the Judge of the County Court, as such Juvenile Board and to provide an annual compensation for the District Judges as members of such Board of $600.00 per annum in addition to all other salaries and compensation received by such District Judges and provides that said sum shall be paid to such Judges monthly from the General Funds of the County.

"The provisions of this Statute have been overlooked by the District Judges and the County Judge of this County and no Juvenile Board has ever existed as such in this County and no compensation has ever been paid to any Judge under the provisions of this Act.

"It so happens that the writer's brother is the Judge of the 103rd District Court, having jurisdiction in Cameron and Willacy Counties, and because of the relationship, I am somewhat hesitant to advise the District Judges, the County Auditor and the Commissioners' Court as to what effect the provisions of the hereinabove referred to Act of the 48th Legislature in connection with Juvenile Courts has upon the existing Juvenile Court in and for this County. I would therefore greatly appreciate your advice and opinion on the following questions, to-wit:

"1. Is the Juvenile Court and the compensation for the Judge thereof in and for Cameron County, as established by the above referred to provisions of the 42nd Legislature, repealed by the above mentioned Acts of the 48th Legislature?

"2. Are the provisions of Article 5139-B hereinabove referred to repealed by the provisions of the Act of the 48th Legislature, and if not, are such provisions mandatory on Cameron County, or merely directory?

". . . ."

Senate Bill No. 148, Acts of the 42nd Legislature, Regular Session, 1931, reads as follows:

"Section 1. The jurisdiction heretofore vested by law in the County Court of Cameron County the Criminal District Court of Cameron County, and the County Court of Cameron County at Law, Cameron County, Texas, under the provisions of Title Forty-three (43), Revised Civil Statutes of Texas, is hereby divested from such Courts, and vested in the District Court of Cameron County for the 103rd Judicial District of Texas, which when disposing of the cases arising under the provisions of said Title 43, shall be the Juvenile Court for Cameron County, and shall administer all cases arising under the provisions of said Title, and of Article 1083 of the Code of Criminal Procedure of Texas.

"Sec. 2. For the extra services hereby imposed upon the Judge of the District Court of Cameron County, 103rd Judicial District of Texas, when sitting as the Juvenile Court of Cameron County, the Judge of said Court shall be paid from the General Funds of Cameron County the sum of Fifteen Hundred ($1,500.00) Dollars per annum, and no more.

"Sec. 3. The fact that there are two special Courts in Cameron County; that is, the Criminal District Court of Cameron County, and the County Court of Cameron County at Law, the special jurisdiction of which with regard to Juvenile Courts is uncertain, and that the Judge of the County Court of Cameron County in discharging his duties as County Judge and presiding officer of the Commissioners' Court of said County is overburdened with administrative duties, create an emergency and an imperative public necessity that a Juvenile Court for said County shall be designated by law, and that the Constitutional Rule requiring Bills to be read on three several days be suspended, and said Rule is so suspended, and that this Act take effect and be in force from and after its passage, and it is so enacted."

Senate Bill No. 44, Acts of the 48th Legislature, Regular Session., 1943, is:

"An Act the purpose of which is to change the method of handling delinquent children from the present criminal procedure to guardianship in order to secure for each child coming within the Act such care, guidance, and control as will serve the child's welfare and the best interest of the State; providing for a Juvenile Court in each county of the state in the County or District Courts already established; defining certain terms; providing for the procedure in cases of delinquent children; manner of hearing; dispositional power of Juvenile Court; selection of custodial agency; providing for support of children committed to custodial agency; prescribing that records shall be confidential; permitting physical and mental examinations of children upon order of the court; prescribing places of detention; court session; co-operation; contempt; methods of appeal; saving clause; re-enacting that portion of Article 2329, Revised Civil Statutes, 1925, dealing with dependent and neglected children; repealing clause; and declaring an emergency, . . ."

Senate Bill No. 44, supra, provides in part:

"    . . . ."

"Sec. 4. Establishment of Juvenile Courts. There is hereby established as follows in each county of the State a court of record to be known as the Juvenile Court, having such jurisdiction as may be necessary to carry out the provisions of this Act.

"In counties having juvenile boards, such boards may designate the County Court or one or more of the District Courts to be the Juvenile Court or Courts for such county, and such designation may be changed from time to time by such juvenile boards. In all other counties the District Court or the County Court shall be the Juvenile Court as agreed between the judges of each respective courts, but until such time such County Court and District Court shall have concurrent jurisdiction in cases of children coming within the terms of this Act.

"It is provided, however, that the jurisdiction, powers and duties thus conferred and imposed upon the established courts hereunder are superadded jurisdictions, powers and duties, it being the intention of the Legislature not to create hereby another office.

"....

"Sec. 22. Saving Clause. In all cases where the court has continuing jurisdiction of the children already adjudged delinquent, any of the Acts herein repealed shall continue in force as applicable to such children, and the provisions of such Statutes may continue to be exercised with reference to all such children where such jurisdiction has already attached.

"Sec. 23. Constitutionality. If any section, subdivision or clause of this Act shall be held to be unconstitutional or invalid, such decision shall not affect the validity of the remaining portions of the Act.

"Sec. 24. Laws Repealed. Articles 1083, 1084, 1085, 1086, 1088, 1089, 1090, 1091, 1092, 1093 of the Code of Criminal Procedure, and Article 1087 of the Code of Criminal Procedure as amended Acts 1927, 40th Legislature, Chapter 163, Section 1, are hereby repealed.

"Articles 2329 and 2338 of the Revised Civil Statutes of Texas, 1925, are hereby repealed.

"All laws and parts of law in conflict herewith are also repealed.

"Sec. 24-A. This Act shall in no wise alter or affect existing laws with reference to dependent or neglected children as that term is defined by Article 2330, Revised Civil Statutes, 1925, and the District Court only shall have original jurisdiction in all proceedings wherein it is sought to

have a childadjudged to be a dependent or neglected child, and its findings in such cases shall be entered in a book kept for that purpose to be known as 'Juvenile Record.'

".  .  .  ."

Article 5139b, Vernon's Annotated Civil Statutes, provides:

"In any county having a population of not less than seventy-four thousand (74,000) inhabitants and not more than eighty-three thousand (83,000) inhabitants, according to the last preceding Federal Census, the Judges of the several District Courts of such county, together with the County Judge of such county, are hereby constituted a Juvenile Board for such county. The annual salary of each of the Judges of the District Courts of such county, as members of said Board, shall be Six Hundred ($600.00) Dollars, which salary shall be in addition to all other salaries and compensation received by said District Judges, and said additional salary shall be paid monthly out of the General Funds of such County, upon the order of the Commissioners' Court."

It will be noted that Senate Bill No. 44, supra, expressly repeals a number of statutes enumerated therein and all laws and parts of laws in conflict with the Act are also repealed. We are familiar with the general rule mentioned in your letter that enactment of a general law does not ordinarily operate as the repeal of a particular or special law, by implication, although both relate to the same subject matter. On the contrary, both statutes are permitted to stand, and the general law is applicable to all cases not embraced by the specific act. In other words, the particular act is construed as constituting an exception to the general law. This is said to be a settled rule of construction, based upon the presumption that a special statute evidences the intention of the Legislature more clearly than a general one, and therefore should control. However, where it is apparent that a statute is intended to embrace all the law upon the subject with which it deals, it repeals all former laws relating to the same subject. Under this rule, a statute that covers the subject matter of a former law and is evidently intended as a substitute for it, although containing no express words to that effect, operates as a repeal for the former law to the extent that its provisions are revised and its field freshly covered. Accordingly, parts of the original act that are omitted for the new legislation are to be considered as null. If the latter act is clearly intended to prescribe the only rules which should govern, it repeals the prior statute, although the two are not repugnant in their provisions. It is apparent that Senate Bill No. 44, supra, shows by

its context that it was intended to embrace all the law upon the subject dealt with. Therefore, as stated in the case of State v. Houston Oil Company of Texas, 194 S.W. 432:

> "The rule is well settled that, when a subsequent statute shows by its context that it was intended to embrace all the law upon the subject dealt with, such statute will, by implication, repeal all former laws relating to the same subject. The correctness of that rule is not controverted, and it is unnecessary to cite authorities in support of it."

We quote from the case of First National Bank v. Lee County Cotton Oil Company, 274 S.W. 127, as follows:

> ". . . Where an act is passed covering the whole of a particular subject or field of legislation, it is customary to insert a general clause repealing all acts or parts of acts inconsistent therewith, and such a clause is effective in repealing inconsistent enactments, in the absence of any constitutional provision against such method of repeal; but the repeal extends only to those acts on the same subject, or parts of such acts, clearly inconsistent and irreconcilable with the provisions of the repealing act and only to the extent of the conflicting provisions. A statute is repealed by implication whenever it becomes apparent from subsequent legislation that the Legislature does not intend the earlier act to remain in force. . . . Though repeals by implication are not favored, it is necessarily the result in any case of repugnancy or inconsistency between two successive statutes, or in any case where the intention of the Legislature is manifest that a latter statute should supersede an earlier one."

In view of the foregoing authorities, it is our opinion that Senate Bill No. 148, supra, is repealed by Senate Bill No. 44, supra, insofar as said Senate Bill No. 148 is in conflict with said Senate Bill No. 44.

It is our further opinion that the 103rd Judicial District Court of Cameron County is not a juvenile court by virtue of Senate Bill No. 148, supra, as that portion of said Senate Bill No. 148 making said court the juvenile court of Cameron County is repealed by Senate Bill No. 44. However, the said 103rd Judicial District Court of Cameron County has original jurisdiction with reference to dependent or neglected children as that term is defined by Article 2330, Revised Civil Statutes, 1925, wherein it is sought to have a child adjudged to be a dependent or neglected child. Apparently under Senate Bill No. 148, supra, the judge was compensated for his services by virtue of said act when sitting as

the juvenile court of Cameron County, as the 103rd Judicial District Court of said county is no longer the juvenile court by virtue of Senate Bill No. 148, supra, the district judge would not be entitled to any compensation under the provisions of said Act.

With reference to Article 5139b, Vernon's Annotated Civil Statutes, it is our opinion that said Senate Bill No. 44, supra, does not repeal said statute in that said statute pertains to county juvenile boards and not to juvenile courts. However, Cameron County has a population of 83,202 inhabitants according to the 1940 Federal Census. Therefore, Cameron County does not come within the population brackets mentioned in said statute. As Cameron County does not come within the population brackets mentioned in said Act, the same would not be applicable to Cameron County.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By
    s/ Ardell Williams
    Ardell Williams
    Assistant

APPROVED AUG 7, 1943
s/ Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

AW:db:egw

Approved Opinion Committee
By BWB Chairman